UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| CORY LEE PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:22-CV-61 |
| | ) | |
| JOSEPH ROBINETTE BIDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] to proceed *in forma pauperis*. The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing himself in this action. For reasons set forth below, the Court **RECOMMENDS** Plaintiff's Complaint be **DISMISSED with prejudice**.

I. **IN FORMA PAUPERIS FINANCIAL SCREENING**

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

Here, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic in determining whether to grant leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; therefore, the Application to Proceed Without Prepayment of Fees [Doc. 1], is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.[1] The Court recommends that Plaintiff's claim not proceed for the reasons stated below.

---

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

## II. FACTUAL ALLEGATIONS

Plaintiff alleges that he was initially stalked by Donald Barden and hired a lawyer, Bryce Krampert, to represent him regarding the harassment. Plaintiff states that both he and Mr. Barden are the cousins of Defendant Joseph Biden. Plaintiff explains that on December 27, 2021, Mr. Biden inserted himself into the conflict between Plaintiff and Mr. Barden by flying a military drone over Plaintiff's residence. Plaintiff further contends that Defendant Biden had "foreshadowed the event" to him when he was a child before Plaintiff suffered a brain injury. Plaintiff states that Defendant Biden did this and has made harassing statements to him to traumatize and threaten him. Additionally, Plaintiff contends that Defendant Biden has engaged in electromagnetic spectrum domination and has utilized sonic weapons to inflict ringing in Plaintiff's ears. This activity is purportedly accompanied by threatening messages and revelations. These revelations cover a menagerie of topics[2] including, among other things, allegations of contaminated sandwiches and coffee, manipulation of automobile electronics, helicopter crashes, government detention of minors, information about various past murders, and even the burial of Plaintiff's cousins on the White House lawn. In some circumstances, Plaintiff advises he received advance notice of alleged activities. The purported wrongs revealed to Plaintiff were, in some circumstances, perpetrated with Plaintiff's other cousins, including Vladimir Putin, Donald Barden, and Tom Russ. Plaintiff argues that Defendant Biden's activity violates the Espionage Act of 1917. In sum, Plaintiff states that he has been provoked and antagonized by Defendant Biden through these actions. As relief, Plaintiff asks the Court to prohibit Defendant Biden from contacting him in the future. Plaintiff further requests that Defendant Biden be held accountable under law and asks for compensation for his injuries and mental duress.

---

[2] Plaintiff makes a number of other allegations as well which the Court has not summarized, noting that many of them are difficult to decipher.

## III. LEGAL ANALYSIS

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). The Sixth Circuit has explained that "[t]he former [deficiency] occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Id.*

Here, Plaintiff's contends that Defendant Biden has employed electromagnetic spectrum dominance to torment Plaintiff. Plaintiff's Complaint sets forth various government conspiracies, murders, and surveillance. The allegations all revolve around purported mind control. Plaintiff asks the Court to intervene on his behalf pursuant to the Espionage Act of 1917. In reviewing applicable law, the Court notes that cases involving mind control allegations have been dismissed by other courts. *See Lynch v. Tennessee*, No. 3:16-CV-03034, 2017 WL 6462345 (M.D. Tenn. Sept. 25, 2017) (dismissing a complaint as frivolous where the plaintiff had alleged the government was tracking brain waves and had subjected him to mind manipulation and torture); *Miles v. United States*, No. 2:15-CV-1082, 2015 WL 8539042 (S.D. Ohio Dec. 11, 2015) (finding a claim alleging the Government was relying on technology, including sub-cutaneous nano-sensors to surveille to be frivolous). While the Court is sympathetic to Plaintiff's concerns, as in those cases, the Court must find under the law both that the allegations made in this action are legally without merit and that the Complaint has not set forth a cause of action which may proceed beyond the screening phase.

## IV. CONCLUSION

For reasons set forth above, it is **RECOMMENDED** that Plaintiff's Complaint [Doc. 2] be **DISMISSED** with prejudice because the claims set forth therein are devoid of legal and factual merit. This Report and Recommendation is presented to the District Court under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court observed that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[3]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).